UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF WISCONSIN

MILWAUKEE DIVISION

|  |  |
|---|---|
| **THOMAS E. PEREZ**, Secretary of the United States Department of Labor, | Civil Action No. 13-C-1302 |
| Plaintiff, | |
| v. | **COMPLAINT** |
| **VERONICA MUELLER, ROGER MUELLER, ALPHA INVESTMENT CONSULTING GROUP, LLC, THE CAREY V. MUELLER (N/K/A VOLLMERS) 1996 TRUST DATED 11/14/96, THE CRAIG M. MUELLER 1996 TRUST DATED 11/14/96, THE CHRISTOPER L. MUELLER 1996 TRUST DATED 11/14/96, THE ROGER L. AND VERONICA S. MUELLER 1996 EXEMPTION TRUST DATED 11/14/96 F/B/O CAREY V. MUELLER (N/K/A VOLLMERS), THE ROGER L. AND VERONICA S. MUELLER 1996 EXEMPTION TRUST DATED 11/14/96 F/B/O CRAIG M. MUELLER, THE ROGER L. AND VERONICA S. MUELLER 1996 EXEMPTION TRUST DATED 11/14/96 F/B/O CHRISTOPHER L. MUELLER, and THE OMNI RESOURCES INC. EMPLOYEE STOCK OWNERSHIP PLAN,** | ERISA 29 U.S.C. § 1001 et seq. |
| Defendants. | |

Plaintiff Thomas E. Perez, Secretary of the United States Department of Labor (the "Secretary"), alleges:

1. This action is filed under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1001, et seq., against the fiduciaries of an Employee Stock

Ownership Plan ("ESOP" or "Plan") sponsored by Omni Resources, Inc. ("Omni") and against parties in interest to the ESOP who benefited at the ESOP's expense. The ERISA violations alleged herein arise from the ESOP's imprudent purchase of company stock for more than the stock's fair market value and without a proper valuation of the stock. The ESOP stock purchase benefitted the sellers at the expense of the ESOP.

2. Prior to the ESOP stock purchase, Defendant Veronica Mueller owned 40% (forty percent) of the company's stock. The remaining 60% (sixty percent) was held in trusts for the benefit of Defendants Roger Mueller and Veronica Mueller's children. These trusts include Defendants the Carey V. Mueller (n/k/a Vollmers) 1996 Trust and the Roger L. and Veronica S. Mueller 1996 Exemption Trust f/b/o Carey V. Mueller (n/k/a Vollmers), the Craig M. Mueller 1996 Trust and the Roger L. and Veronica S. Mueller 1996 Exemption Trust f/b/o Craig M. Mueller, and the Christopher L. Mueller 1996 Trust and the Roger L. and Veronica S. Mueller 1996 Exemption Trust f/b/o Christopher L. Mueller (together, the "Defendant Trusts").

3. At the time of the ESOP stock purchase, Defendants Veronica Mueller and Roger Mueller were each ESOP fiduciaries, and Defendant Alpha Investment Consulting Group, LLC ("Alpha") was also an ESOP fiduciary (together, the "Fiduciary Defendants"). The Fiduciary Defendants violated their duties of prudence and loyalty by causing or permitting the ESOP to buy the stock for more than its fair market value and without investigating the merits of the transaction. Additionally, by their actions, the Fiduciary Defendants caused the ESOP to engage in non-exempt prohibited transactions with Defendant Veronica Mueller and the Defendants Trusts.

4. Defendants Veronica Mueller and Roger Mueller further violated ERISA's self-dealing provisions by acting in their own and their family's interests while serving as ESOP

fiduciaries. The Defendant Trusts further violated ERISA by knowingly participating in the violations of ERISA alleged herein and by accepting more than fair market value from the ESOP for their company stock.

## JURISDICTION AND VENUE

5. This action arises under ERISA and is brought by the Secretary to obtain relief under Sections 409 and 502 of ERISA, 29 U.S.C. §§ 1109 and 1132, to redress violations and enforce the provisions of Title I of ERISA.

6. This Court has subject matter jurisdiction over this action pursuant to ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1).

7. Venue with respect to this action lies in the Eastern District of Wisconsin, pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2).

## PARTIES

8. Plaintiff, the Secretary, pursuant to ERISA §§ 502(a)(2) and (5), 29 U.S.C. §§ 1132(a)(2) and (5), has authority to enforce the provisions of Title I of ERISA by, among other things, the filing and prosecution of claims against persons who violate ERISA.

9. Defendant Veronica Mueller, at times relevant to this action, was an officer and a board of director member of Omni, a Wisconsin corporation that is a full-service provider of information technology ("IT") staff augmentation, contract-to-hire, permanent placement, and outsourcing solutions. Omni was the Sponsor of the ESOP. At times relevant to this action, Defendant Veronica Mueller was a Trustee and a fiduciary of the ESOP pursuant to ERISA § 3(21), 29 U.S.C. § 1002(21). Prior to December 30, 2008, Defendant Veronica Mueller owned 40% (forty percent) of the 50,500 (fifty thousand five hundred) outstanding shares of Omni common stock and owned all 500 (five hundred) outstanding voting shares of Omni common

stock. Defendant Veronica Mueller was a party in interest to the Omni ESOP pursuant to ERISA §§ 3(14)(A) and (H), 29 U.S.C. §§ 1002(14)(A) and (H).

10. Defendant Roger Mueller, at times relevant to this action, was an officer of Omni and a member of the Omni board of directors. Defendant Roger Mueller was also a Trustee and a fiduciary of the ESOP pursuant to ERISA § 3(21), 29 U.S.C. § 1002(21). Defendant Roger Mueller was a party in interest to the Omni ESOP pursuant to ERISA §§ 3(14)(A) and (H), 29 U.S.C. §§ 1002(14)(A) and (H).

11. Defendant Alpha, at times relevant to this action, is a Wisconsin corporation with a principal place of business in Milwaukee, Wisconsin. At times relevant to this action, Alpha was an independent fiduciary for and service provider to the ESOP.

12. Defendant the Carey V. Mueller (n/k/a Vollmers) 1996 Trust (the "Carey Mueller Trust") is a trust created in the State of Wisconsin for the benefit of Carey V. Mueller (n/k/a Vollmers) who is the daughter of Defendants Roger Mueller and Veronica Mueller. Prior to December 30, 2008, the Carey Mueller Trust owned 5,429 (five thousand four hundred twenty-nine) shares of Omni non-voting common stock. Carey V. Mueller (n/k/a Vollmers) is a party in interest to the Omni ESOP pursuant to ERISA §§ 3(14)(F) and (H), 29 U.S.C. §§ 1002(14)(F) and (H), and the Carey Mueller Trust is a party in interest to the ESOP pursuant to ERISA § 3(14)(H), 29 U.S.C. § 1002(14)(H).

13. Defendant the Roger L. and Veronica S. Mueller 1996 Exemption Trust f/b/o Carey V. Mueller (n/k/a Vollmers) (the "Carey Mueller Exemption Trust") is a trust created in the State of Wisconsin for the benefit of Carey V. Mueller (n/k/a Vollmers) who is the daughter of Defendants Roger Mueller and Veronica Mueller. Together with the Carey Mueller Trust, the

4

Carey Mueller Exemption Trust owned 20% (twenty percent) of the outstanding shares of Omni common stock.

14. Defendant the Craig M. Mueller 1996 Trust (the "Craig Mueller Trust") is a trust created in the State of Wisconsin for the benefit of Craig M. Mueller who is the son of Defendants Roger Mueller and Veronica Mueller. Prior to December 30, 2008, the Craig Mueller Trust owned 5,429 (five thousand four hundred twenty-nine) shares of Omni non-voting common stock. Craig M. Mueller is a party in interest to the Omni ESOP pursuant to ERISA §§ 3(14)(F) and (H), 29 U.S.C. §§ 1002(14)(F) and (H), and the Craig Mueller Trust is a party in interest to the ESOP pursuant to ERISA § 3(14)(H), 29 U.S.C. § 1002(14)(H).

15. Defendant the Roger L. and Veronica S. Mueller 1996 Exemption Trust f/b/o Craig M. Mueller (the "Craig Mueller Exemption Trust") is a trust created in the State of Wisconsin for the benefit of Craig M. Mueller who is the son of Defendants Roger Mueller and Veronica Mueller. Together with the Craig Mueller Trust, the Craig Mueller Exemption Trust owned 20% (twenty percent) of the outstanding shares of Omni common stock.

16. Defendant the Christopher L. Mueller 1996 Trust (the "Christopher Mueller Trust") is a trust created in the State of Wisconsin for the benefit of Christopher L. Mueller who is the son of Defendants Roger Mueller and Veronica Mueller. Prior to December 30, 2008, the Christopher Mueller Trust owned 5,429 (five thousand four hundred twenty-nine) shares of Omni non-voting common stock. Christopher L. Mueller is a party in interest to the Omni ESOP pursuant to ERISA §§ 3(14)(F) and (H), 29 U.S.C. §§ 1002(14)(F) and (H), and the Christopher Mueller Trust is a party in interest to the ESOP pursuant to ERISA § 3(14)(H), 29 U.S.C. § 1002(14)(H).

17. Defendant the Roger L. and Veronica S. Mueller 1996 Exemption Trust f/b/o Christopher L. Mueller (the "Christopher Mueller Exemption Trust") is a trust created in the State of Wisconsin for the benefit of Christopher L. Mueller who is the son of Defendants Roger Mueller and Veronica Mueller. Together with the Carey Mueller Trust, the Carey Mueller Exemption Trust owned 20% (twenty percent) of the outstanding shares of Omni common stock.

18. The Omni ESOP is an employee benefit plan as defined by ERISA § 3(3), 29 U.S.C. § 1002(3), and is subject to ERISA pursuant to ERISA § 4(a)(1), 29 U.S.C. § 1003(a)(1). The ESOP is administered in Wisconsin and is joined as a party Defendant pursuant to Rule 19(a), Fed. R. Civ. P., solely to assure that complete relief can be granted.

## GENERAL ALLEGATIONS

19. Omni Resources is a Wisconsin S corporation founded in 1984 by Defendant Roger Mueller. As stated above, Omni provides full service IT staffing options to its clients. At the beginning of 2007, Omni employed over 250 IT consultants out of four branch locations located in Appleton, Madison and Milwaukee, Wisconsin, and in Minneapolis, Minnesota. Defendant Veronica Mueller was Omni's Chief Executive Officer, and Defendant Roger Mueller was Omni's President. In addition, Defendants Roger Mueller and Veronica Mueller were the only members of Omni's Board of Directors. At the beginning of 2008, Omni employed only 212 IT consultants, and, by the end of 2008, Omni employed only 160 IT consultants. In 2011, Omni closed its Minnesota office.

20. Defendants Roger Mueller and Veronica Mueller began exploring options for the sale of Omni Resources during early 2008. They spoke to a number of brokers about selling Omni but received no offers. Defendants Roger Mueller and Veronica Mueller then decided to sell the company to an ESOP, and upon the recommendation of their attorney, Omni engaged the

services of Enterprise Services, Inc. ("ESI") to perform an appraisal of Omni stock for that purpose. Defendants Roger Mueller and Veronica Mueller did not interview any other valuation firms and signed an engagement letter with ESI on April 17, 2008. Roger Mueller signed the letter on behalf of the ESOP as "Trustee" and the company as "President."

21. Pursuant to the engagement letter between Omni, the ESOP and ESI, ESI provided a written valuation report of Omni Resources dated as of August 14, 2008 ("August Valuation"). The August Valuation opined that the fair market value of 100% (one hundred percent) of the 50,500 outstanding shares of Omni Resources was $13,770,000 (thirteen million seven hundred seventy thousand dollars) or $272.67 (two hundred seventy-two dollars and sixty-seven cents) per share. The cover letter to the August Valuation specifically stated that "[e]arnings prospects can change, as can the general economic climate and other relevant factors."

22. Thereafter, over four months passed before the actual ESOP stock purchase – an event that did not occur until December 30, 2008. On December 5, 2008, Defendant Veronica Mueller on behalf of Omni Resources signed an engagement letter with Defendant Alpha. In the engagement letter, Defendant Alpha agreed to "provide, certain financial analysis, consulting and other independent fiduciary services (See Schedule A)." Schedule A to the engagement letter stated:

> [Alpha] will review proposed leverage buyout by the Omni Resources, Inc. Employee Stock Ownership Plan within the context of plan documents and plan operations in order to determine whether purchase of shares of company stock by the ESOP is appropriate under the circumstances and in the best interests of the plan participants. If [Alpha] concludes that such investment is appropriate and that the purchase prices is for no more than adequate consideration, [Alpha] will then direct the Trustees of the ESOP to execute the transaction and will take such

>other steps as are reasonably required by [Omni Resources] to
>facilitate the proposed investment.

At the time the engagement letter was signed, there was no ESOP and no Trustees had been appointed for the ESOP.

23.     The engagement letter further stated that "[Alpha] acknowledges and agrees that in providing the services, [Alpha] will be a fiduciary with respect to the ESOP and will be subject to the duties imposed upon a fiduciary by the Employee Retirement Income Security Act of 1974 (the 'Act')." The engagement letter also provided that "[Alpha] agrees that, as the fiduciary signing off on the sale of stock from the Client to the ESOP, he [sic] takes full responsibility for the fairness and prudence of the 'transaction' ... on behalf of ESOP participants."

24.     A separate letter agreement was executed on December 17, 2008, between the valuation company ESI, Omni Resources and the ESOP. Defendant Roger Mueller signed on behalf of the company and John Michael Maier signed on behalf of the "Independent fiduciary of Omni Resources, Inc. Employee Stock Ownership Plan and Trust." In this letter agreement, ESI was retained both to act as an "independent financial advisor" to the ESOP in connection with a transaction anticipated to occur "on or before 12/31/08" and "as well as a meeting with the successor team at the Company to fulfill due diligence requirements." ESI's total charge for appraising the value of the stock for the $13,770,000 ESOP transaction was $2,000 (plus out-of-pocket expenses).

25.     The ESOP purchased 100% (one hundred percent) of Omni shares on December 30, 2008, in a two-step process. First, Omni Resources, Inc. purchased all outstanding shares from Defendant Veronica Mueller and the Defendant Trusts. Then, Omni Resources immediately sold the shares to the ESOP. Omni made an initial payment of $5,000 (five thousand dollars) to the sellers (Defendant Veronica Mueller and the Defendant Trusts) and financed the remaining

amount through a promissory note to the sellers.  In a mirror transaction, the ESOP then paid $5,000 (five thousand dollars) to Omni and signed a promissory note to Omni with identical terms to the note signed by Omni to the sellers.

26. That same day, December 30, 2008, Defendants Roger Mueller and Veronica Mueller, received a letter of direction from Defendant Alpha directing them, as the ESOP's Trustees, to effect the ESOP stock purchase.

27. On December 30, 2008, a Stock Purchase Agreement was executed between the ESOP and the sellers (Defendant Veronica Mueller and the Defendant Trusts) and was signed by Defendants Roger Mueller and Veronica Mueller as "Trustees" and by John Michael Maier on behalf of "Alpha Investment Consulting Group, LLC d/b/a Professional Fiduciary Services as a special fiduciary to the ESOP (the 'Independent Fiduciary')."

28. On December 30, 2008, an ESOP Loan and Pledge Agreement was also signed by Defendants Roger Mueller and Veronica Mueller as "Trustees" and by John Michael Maier on behalf of "Alpha Investment Consulting Group, LLC d/b/a Professional Fiduciary Services as a special fiduciary to the ESOP (the 'Independent Fiduciary')."

29. On December 30, the Omni Resources ESOP Plan Document was also signed.  No separate Trust Agreement was signed.  The Plan Document was signed by Defendant Veronica Mueller as CEO of Omni, by Defendants Roger Mueller and Veronica Mueller as "Trustees" and by John Michael Maier on behalf of "Special Fiduciary Alpha Investment Consulting Group, LLC d/b/a Independent Fiduciary Services."

30. As a result of their actions that caused the ESOP to purchase Omni stock on December 30, 2008, Defendants Roger and Victoria Mueller were fiduciaries of the ESOP pursuant to ERISA §§ 3(21)(A)(i) and (iii), 29 U.S.C. §§ 1002(21)(A)(i) and (iii).  As fiduciaries,

9

they also were parties in interest to the Plan pursuant to ERISA § 3(14)(A), 29 U.S.C. § 1002(14)(A). In addition, by virtue of their status as officers and directors of Omni, Defendants Roger Mueller and Veronica Mueller (who was also a ten percent or more owner of the Plan Sponsor) were parties in interest to the Plan pursuant to ERISA § 3(14)(H), 29 U.S.C. § 1002(14)(H).

31. As a result of Alpha's actions that caused the ESOP to purchase Omni stock on December 30, 2008, Defendant Alpha was a fiduciary of the ESOP pursuant to ERISA §§ 3(21)(A)(i) and (iii), 29 U.S.C. §§ 1002(21)(A)(i) and (iii). Defendant Alpha was also a party in interest to the ESOP pursuant to ERISA § 3(14)(A), 29 U.S.C. § 1002(14)(A).

## ERISA VIOLATIONS

32. The August Valuation prepared by ESI was severely flawed and unreliable. It relied entirely upon a capitalization of earnings methodology that used past revenues (earnings) together with future projections to determine value of Omni. ESI formulated its future projections for Omni in consultation with Omni's management, including Defendant Roger Mueller, Omni's CEO. In the August Valuation, Omni's actual revenues from 2006 and 2007 were used and projected Omni revenues for 2008 and 2009 were used. The August Valuation set the value of 100% (one hundred percent) of Omni shares at $13,770,000, or $272.67 per share for 50,500 shares, as of August 14, 2008.

33. The purchase price set for the December 30, 2008 ESOP stock purchase transaction, although ostensibly based on a December 30, 2008 letter from ESI (the same appraiser that prepared the August Valuation) and more up-to-date information, was set at the exact same value provided in the August Valuation - $13,770,000, or $272.67 per share for 50,500 shares.

10

34.     Defendants Roger Mueller, Veronica Mueller and Alpha violated their fiduciary duties by accepting the August Valuation price on behalf of the ESOP.  The December 30, 2008 letter provided to them by ESI prior to the stock purchase, included "interim financial statements available for the eleven month period ending November 30, 2008" which stated that Omni's actual revenues were substantially lower than the projections used for the August Valuation.  In particular, while the August Valuation relied upon projected a 2008 after tax earnings number of $1.680 million for the year, the interim financial statements available on December 30, 2008, demonstrated that the actual earnings number was only $1.006 million.  Despite this dramatic difference between its August Valuation projections and Omni's actual performance, ESI ignored the actual numbers for the December 30, 2008 letter, stating:

> We are not aware of any material information that would have us change the value previously developed in the August 14, 2008 report.

35.     ERISA required the ESOP's fiduciaries to review the valuation report provided by ESI.  Here that duty required them to review the December 30, 2008 letter prudently and solely with interests of the ESOP's participants in mind and to accept the value only if to do so was consistent with their fiduciary duties of loyalty and prudence.  That duty included an obligation to discuss the December 30, 2008 letter with ESI.  Here, however, Defendants Roger Mueller, Veronica Mueller and Alpha failed to ensure that the ESOP stock purchase was priced to reflect up to date information and failed to fully review and question the bases for ESI's valuation.

36.     Omni's interim financial statements demonstrating its declining revenues at the end of 2008 should not have surprised the Defendants, and they should have taken the reasons for that decline into consideration when reviewing the December 30, 2008 letter.   First, Omni lost its largest single client in 2007.  As a result, monthly staffing levels for Omni declined

11

continuously through 2008 as projects for the client were phased out. In January 2008, Omni had a total of 212 employees staffed on projects, but that number decreased to 160 by December 2008. The loss of Omni's largest client alone resulted in the loss of over forty consultants through the years 2007 and 2008. This contracting number of staff placements negatively impacted earnings.

37. Second, during that same period of time, the industry in which Omni operated was also generally declining and prospects for the industry were not as optimistic by the end of 2008. Indeed, the trend in the IT industry by the end of 2008, was for 'lower end clients' to shift to cheaper "offshore" providers and higher end clients to hire larger, more technologically advanced firms. All of these trends were evident by the end of 2008 and all of these trends should have caused Defendants Roger Mueller, Veronica Mueller and Alpha to reject ESI's December 30, 2008 letter and August Valuation price.

38. Defendants Roger Mueller, Veronica Mueller and Alpha should have also rejected ESI's addition, in both its August Valuation and the December 30, 2008 valuation, of a 15% (fifteen percent) control premium to the price paid by the ESOP for the stock. Addition of this premium was inconsistent with ESI's capitalization of earnings methodology. Under the capitalization of earnings methodology, control of the cash flows is assumed and control of the business is assumed and therefore the resulting value is the control value. Neither the August Valuation or the December 30, 2008 letter attempt to explain why addition of a control premium to a control value made sense – much less why such application was prudent or exclusively in the interest of the ESOP. The use of a control premium here was additionally inappropriate as the Stock Purchase Agreement executed by Defendants Roger Mueller, Veronica Mueller and

12

Alpha required the ESOP to keep Defendant Veronica Mueller as an officer, director and employee of Omni.

39. As a result of fiduciary breaches and flaws in ESI's December 30, 2008 letter valuation described above, the ESOP paid more than adequate consideration – more than fair market value - for the Omni stock it purchased on December 30, 2008.

40. Defendants Roger Mueller, Veronica Mueller and Alpha knew or should have known about the unreasonably optimistic earnings and revenue projections for Omni, the loss of Omni's largest client, the poor business climate for the IT services industry generally, the severe downturn in the markets, the actual earnings stated in Omni's interim financial statements, and the other flaws in the December 30, 2008 letter valuation provided by ESI.

41. As the only members of Omni's Board of Directors, the Trustees of the ESOP, the Administrator of the ESOP, and the only persons with authority to delegate Administrator duties to Alpha, Defendants Roger Mueller and Veronica Mueller had a duty to monitor Alpha, the independent fiduciary. Defendants Roger Mueller and Veronica failed to comply with this duty and, instead, caused the ESOP stock purchase to occur for the benefit of Defendant Veronica Mueller and for the benefit of Defendants Roger Mueller and Veronica Mueller's children.

42. By the fiduciary breaches described above and by causing the ESOP to purchase Omni shares on December 30, 2008 for more than adequate consideration, Defendant Alpha acted imprudently and disloyally and caused the ESOP to engage in a non-exempt transaction prohibited by ERISA § 406, 29 U.S.C. § 1106. Defendant Alpha thereby violated ERISA's fiduciary duties of loyalty and prudence contained in ERISA §§ 404(a)(1)(A) and (B), 29 U.S.C. §§ 1104(a)(1)(A) and (B), and ERISA's prohibited transaction provisions by causing the ESOP

to engage in a non-exempt transaction prohibited by ERISA §§ 406(a)(1)(A) and (D), 29 U.S.C. §§ 1106(a)(1)(A) and (D).

43. By the fiduciary breaches described above and by causing the ESOP to purchase Omni shares on December 30, 2008, for more than adequate consideration, Defendants Roger Mueller and Veronica Mueller were imprudent, disloyal, and caused the ESOP to engage in a transaction prohibited by ERISA § 406, 29 U.S.C. § 1106. Defendants Roger Mueller and Veronica Mueller thereby violated ERISA's fiduciary duties of loyalty and prudence contained in ERISA §§ 404(a)(1)(A) and (B), 29 U.S.C. §§ 1104(a)(1)(A) and (B), and ERISA's prohibited transaction provisions by causing the ESOP to engage in a non-exempt transaction prohibited by ERISA §§ 406(a)(1)(A) and (D), 29 U.S.C. §§ 1106(a)(1)(A) and (D).

44. In addition, as Trustees and fiduciaries of the ESOP, Defendants Roger Mueller and Veronica Mueller owed the ESOP an obligation not to engage in self-dealing in connection with the ESOP and its assets and an obligation not to act on behalf of entities with interests adverse to the ESOP in connection with any transaction unless exempted by ERISA § 408, 29 U.S.C. § 1108. Here, instead of complying with these obligations, Defendants Roger Mueller and Veronica Mueller acted in the interest of Defendant Veronica Mueller and the interests of their children by causing the ESOP to engage in the imprudent, disloyal and prohibited December 30, 2008 stock purchase transaction. By doing so, Defendant Veronica Mueller violated ERISA §§ 406(b)(1) and (2), 29 U.S.C. §§ 1106(b)(1) and (2), and Defendant Roger Mueller violated ERISA § 406(b)(2), 29 U.S.C. § 1106(b)(2).

## CLAIMS FOR RELIEF

45. Defendant Alpha violated ERISA when it imprudently and disloyally relied on the unsound December 30, 2008 valuation and failed to adequately understand the methodologies

14

used, the factual bases relied upon, and the conclusions reached in the valuation. As a result, Defendant Alpha improperly caused the ESOP to purchase Omni stock from Defendant Veronica Mueller and from the Defendant Trusts at a price in excess of fair market value.

46. Defendants Roger Mueller and Veronica Mueller violated ERISA when they imprudently and disloyally relied on the unsound December 30, 2008 valuation and failed to adequately understand the methodologies used, the factual bases relied upon, and the conclusions reached in the valuation. As a result, and for the reasons set forth more fully above, Defendants Roger Mueller and Veronica Mueller improperly, imprudently and disloyally caused the ESOP to purchase Omni stock for more than fair market value.

47. Defendants Roger Mueller, Veronica Mueller and Alpha knew or should have known that unreasonably high projections were used for 2008 revenue instead of actual revenue numbers from Omni's interim financial statements, that the projections were unreasonably high in any event given the loss of Omni's biggest client and the collapse of the industry in which Omni operated during the fall of 2008, and that other errors and flaws (described above) existed in the December 30, 2008 valuation.

48. By their actions and failures to act as described above, Defendants Roger Mueller, Veronica Mueller and Alpha:

 (a) failed to discharge their duties with respect to the Plan solely in the interest of the participants and beneficiaries of the Plan and for the exclusive purpose of providing benefits and defraying reasonable expenses of plan administration, in violation of ERISA § 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A);

 (b) failed to act with the care, skill, prudence and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such

15

matters would use in the conduct of an enterprise of a like character and with like aims, in violation of ERISA § 404(a)(1)( B), 29 U.S.C. § 1104(a)(1) (B);

    (c)    caused the ESOP to engage in transactions that they knew or should have known constituted the sale or exchange, or leasing, of any property between the plan and a party in interest, in violation of ERISA § 406(a)(1)(A), 29 U.S.C. § 1106(a)(1)(A); and

    (d)    caused the ESOP to engage in transactions that that they knew or should have known constituted direct or indirect transfers of the ESOP's assets to, or use of the ESOP's assets by or for the benefit of, parties in interest, in violation of ERISA § 406(a)(1)(D), 29 U.S.C. § 1106(a)(1)(D).

49. By her actions and failures to act as described above, Defendant Veronica Mueller also:

    (a)    dealt with assets of the ESOP in her own interest and for her own account, in violation of ERISA § 406(b)(1), 29 U.S.C. § 1106(b)(1); and

    (b)    acted in a transaction involving the ESOP on behalf of a party whose interests are adverse to the interests of the ESOP or to the interests of the ESOP's participants and beneficiaries, in violation of ERISA § 406(b)(2), 29 U.S.C. § 1106(b)(2).

50. By his actions and failures to act as described above, Defendant Roger Mueller also acted in a transaction involving the ESOP on behalf of a party whose interests are adverse to the interests of the ESOP or to the interests of the ESOP's participants and beneficiaries, in violation of ERISA § 406(b)(2), 29 U.S.C. § 1106(b)(2).

51. As a result of their conduct as described above, Defendants Roger Mueller, Veronica Mueller and Alpha caused losses to the ESOP and were unjustly enriched for which they are jointly and severally liable, pursuant to ERISA § 409(a), 29 U.S.C. § 1109(a).

52. Pursuant to ERISA §§ 405(a)(1) through (3), 29 U.S.C. §§ 1105(a)(1) through (3), Defendants Roger Mueller, Veronica Mueller and Alpha each are liable for the breaches of their co-fiduciaries because, as described above, they knowingly participated in or concealed an act or omission, knowing that such act or omission is a breach; they enabled the other fiduciaries to commit a breach by breaching their own fiduciary duties under § 404(a)(1); and they had knowledge of a fiduciary breach and did not make reasonable efforts under the circumstances to remedy it.

53. As a result of the conduct described above, Defendants Roger Mueller, Veronica Mueller, Alpha and the Defendant Trusts knowingly participated in the breaches of fiduciary duty described herein and each is subject to such appropriate equitable relief to redress the violations in which they knowingly participated and which caused the ESOP to pay more than adequate consideration for Omni stock and by which they were unjustly enriched and as necessary to undo the prohibited transactions described herein pursuant to ERISA § 502(a)(5), 29 U.S.C. § 1132(a)(5).

## PRAYER FOR RELIEF

WHEREFORE, the Secretary of Labor prays that this Court enter an Order:

1. Requiring each of the fiduciary defendants jointly and severally to restore all losses caused to the Plan as a result of their fiduciary breaches, plus interest;

2. Requiring Defendant Veronica Mueller to disgorge the profits and financial benefits she received as a result of her fiduciary breaches, plus interest;

3. Requiring the Defendant Trusts to disgorge the profits and financial benefits received as a result of the Fiduciary Defendants' violations of ERISA, plus interest;

4. Requiring Defendant Veronica Mueller and Defendant Trusts to take such further and other action as necessary to fully undo the transactions prohibited by ERISA § 406, 29 U.S.C. § 1106;

5. Enjoining Defendants and all related parties from benefitting from any agreement that grants or purports to grant them indemnification from Omni or the Plan or to absolve them of liability for their fiduciary breaches;

6. Removing Defendants Veronica Mueller, Roger Mueller and Alpha from any fiduciary or service provider status or position they may have in connection with the ESOP and permanently barring them from acting as fiduciaries or service providers to ERISA covered plans in the future;

7. Appointing an independent fiduciary for the ESOP with plenary authority over the ESOP at the Defendants' expense; and

8. Granting such other relief as may be equitable, just and proper.

Respectfully submitted:

Dated: November 18, 2013

For the Secretary:

M. PATRICIA SMITH
Solicitor of Labor

TIMOTHY D. HAUSER
Associate Solicitor
Plan Benefits Security Division

MICHAEL SCHLOSS
Counsel for Financial Litigation
Plan Benefits Security Division


s/ Usha R. Smerdon
USHA SMERDON
CA Bar # 184511
Senior Trial Attorney
GLENN M. LOOS
VA Bar # 29230
Senior Trial Attorney
Office of the Solicitor
U.S. Department of Labor
Two Pershing Square Building
2300 Main Street, Suite 1020
Kansas City, MO 64108

(816) 285-7279
smerdon.usha@dol.gov

(202) 696-5767
loos.glenn@dol.gov


Attorneys for Plaintiff

19