# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**THOMAS E. PEREZ, Secretary of the United States Department of Labor,**

    Plaintiff,

    **-vs-**

**VERONICA MUELLER, ROGER MUELLER, ALPHA CONSULTING GROUP, LLC, THE CAREY V. MUELLER (n/k/a VOLLMERS) 1996 TRUST DATED 11/14/96, THE CRAIG M. MUELLER 1996 TRUST DATED 11/14/96, THE CHRISTOPHER L. MUELLER 1996 TRUST DATED 11/14/96, THE ROGER L. AND VERONICA S. MUELLER 1996 EXEMPTION TRUST DATED 11/14/96 f/b/o/ CAREY V. MUELLER (n/k/a VOLLMERS), THE ROGER L. AND VERONICA S. MUELLER 1996 EXEMPTION TRUST DATED 11/14/96 f/b/o CRAIG M. MUELLER, THE ROGER L. AND VERONICA S. MUELLER 1996 EXEMPTION TRUST DATED 11/14/96 f/b/o/ CHRISTOPHER L. MUELLER, and THE OMNI RESOURCES Inc. EMPLOYEE STOCK OWNERSHIP PLAN,**

    Case No. 13-C-1302

    Defendants/Third-Party Plaintiffs,

    -vs-

**OMNI RESOURCES, Inc. and DOE DEFENDANT 1-25,**

    Third-Party Defendants.

# DECISION AND ORDER

In this action, the Secretary of Labor alleges that Veronica Mueller, Christopher Mueller, and Alpha Investment Consulting Group, LLC — the so-called "Fiduciary Defendants" — violated their duties of prudence and loyalty by causing or permitting the Omni Resources, Inc. Employee Stock Ownership Plan to buy Omni stock for more than fair market value and without a proper valuation.

All of the defendants (save for Alpha Investment and the Omni Resources Inc. Employee Stock Ownership Plan)[1] moved to dismiss. On May 19, the Court denied that motion and set the matter for a scheduling conference. The Court soon learned that docketing a scheduling conference was a futile attempt to move this case forward. What followed was a flurry of additional pleadings and motions. As a result, this matter is stuck in procedural purgatory. A quick summary will help set the stage.

First, on June 2, the defendants answered the Secretary's complaint. The defendants also filed a third-party complaint against Omni Resources, alleging claims for breach of contract and tortious interference with contractual rights. Two weeks later, the defendants amended their third-party complaint. Count One of the first amended third-party complaint is

---

[1] Unless otherwise noted, the general term "defendants" refers to all of the above-captioned defendants, minus Alpha Investment and the Omni ESOP.

against Omni for "Breaches of Contract and Specific Performance;" Count Two is against Omni and the so-called Doe Third-Party Defendants (Does 1-25) for tortious interference with contractual rights.

On June 26, the Secretary moved to strike certain affirmative defenses in the defendants' answer. On June 30, the Secretary moved to strike or, in the alternative, to dismiss the first amended third-party complaint. The defendants opposed this motion, but they also moved for leave to file a second amended third-party complaint. The Secretary opposes the defendants' motion for leave to file a second amended third-party complaint for many of the reasons stated in its motion to dismiss the first amended third-party complaint.

## I. Motion to strike

Federal Rule of Civil Procedure 12(f) provides that the Court "may strike from a pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Motions to strike are generally disfavored, but they can be used to "remove unnecessary clutter from the case." *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989). "Affirmative defenses will be stricken only when they are insufficient on the face of the pleadings. Ordinarily, defenses will not be struck if they are sufficient as a matter of law or if they present

questions of law or fact." *Id.* The Seventh Circuit has yet to decide whether the *Twombly/Iqbal* standard applies to affirmative defenses, but lower courts in this circuit have assumed that it does. *See, e.g., Sarkis' Café, Inc. v. Sarks in the Park, LLC*, --- F. Supp. 2d ----, 2014 WL 3018002, at *4 (N.D. Ill. July 3, 2014). Thus, the defendants must make factual allegations sufficient to raise the right to relief pursuant to the asserted defenses above the "speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

The Secretary moves to strike the defendants' Seventh Defense, which asserts that the Secretary's claims are "barred by the doctrines of estoppel, waiver, laches, acquiescence and/or ratification," and also the Eighth Defense, which states that the Secretary's claims are "barred, in whole or part, by the doctrine of unclean hands." The defendants' answer does not include any factual allegations which would support the application of these defenses. Therefore, the Court agrees that they should be stricken. *See, e.g., Solis v. Zenith Capital, LLC*, No. C 08-4854 PJH, 2009 WL 1324051, at *6 (N.D. Cal. May 8, 2009) ("The court finds that defendants have not alleged any facts that would support a defense of equitable estoppel against the Secretary, . . . Instead, defendants have merely pleaded a legal conclusion which is insufficient to withstand the

Secretary's motion to strike").

The Secretary also moves to strike the defendants' Thirteenth Defense, which states: "Defendants reserve the right to raise additional defenses and to amend their Answers and Statements of additional Defenses provided herein, in accordance with the Federal Rules of Civil procedure, as discovery proceeds." This statement is superfluous; of course the defendants can only amend their pleadings in accordance with the rules of procedure. This defense will also be stricken.

## II. Third-party complaints

In their proposed second amended third-party complaint, the defendants "assume the role" of third-party plaintiffs against Omni Resources and Does 1-25. Count One is a request for indemnification and contribution from Omni Resources. Count Two is against Omni for breach of contract and specific performance. Count Three is against Does 1-25 for tortious interference with contractual rights.

Third-party practice is governed by Federal Rule of Civil Procedure 14. This rule provides, in relevant part, that a "defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it. But the third-party plaintiff must, by motion, obtain the court's leave if it files the third-

party complaint more than 14 days after serving its original answer." Fed. R. Civ. P. 14(a)(1).

A third-party claim may only be brought if the third-party's liability somehow depends upon the outcome of the underlying litigation or if the third party is secondarily liable to the third-party plaintiff. *United States Gen., Inc. v. City of Joliet*, 598 F.2d 1050, 1053 (7th Cir. 1979). If the third-party claim is separate or independent from the main action, impleader is prohibited, even if the third-party claim grows out of the same transaction upon which the plaintiff's underlying claim is based. 6 Wright & Miller, Fed. Practice & Procedure § 1446 (3d ed.). "The claim against the third-party defendant must be based upon plaintiff's claim against defendant. The crucial characteristic of a Rule 14 claim is that defendant is attempting to transfer to the third-party defendant the liability asserted against defendant by the original plaintiff." *Id.*; *Forum Ins. Co. v. Ranger Ins. Co.*, 711 F. Supp. 909, 915 (N.D. Ill. 1989).

Counts Two and Three do not meet this standard. For example, in Count Two, the defendants/third-party plaintiffs allege that Omni "has refused and failed, and continues to refuse and fail, to pay Veronica Mueller and the Third-Party Plaintiff Trusts the funds to which each are entitled to receive under the terms of the ESOP Loan and Pledge

Agreement and the Company Note, as amended, thereby defaulting upon and breaching those agreements." Proposed Second Amended Third-Party Complaint, ¶ 34. Thus, the defendants "seek to enforce their rights . . . with respect to applying a security interest to Omni's assets as permitted under Wisconsin law to protect the creditor interests of the Third-Party Plaintiffs in order to satisfy the obligations of Omni to them, including, without limitation, obtaining all rights as a secured creditor under the [UCC] . . . to the assets of Omni to address the payment obligations owed to them, . . . ." *Id.*, ¶ 37. This claim does not pursue a transference of liability for the Secretary's claims from the defendants/third-party plaintiffs to Omni. Same for Count Three, which alleges that the Doe Third-Party Defendants "intentionally interfered with the contractual rights of the Third-Party Plaintiffs," causing damage "in an amount to be proved at trial." *Id.*, ¶¶ 45-46.

Count One, however, stands on different footing. In this claim, the defendants allege that the terms of the Omni ESOP plan document provide that the Trustees — i.e., defendants Veronica and Roger Mueller – "shall not be liable for any act or failure to act of the Employer or Administrator in the performance of their responsibilities under the Plan or ERISA." *Id.*, ¶ 28. Similarly, the ESOP Loan and Pledge Agreement — upon which

certain of the Secretary's claims against the defendants are predicated — contains a provision titled "Actions Taken as Trustee," which states that the Trustee "does not undertake, nor shall he have, any personal liability or obligation of any nature whatsoever by virtue of the execution and delivery of this Agreement or the ESOP Note or the representations, covenants, or warranties contained herein." *Id.*, ¶ 29. The same agreement also provides that Omni "will pay all reasonable costs, expenses and fees incurred by the Seller, the Trustee, and the ESOP in connection with this Agreement and the purchase of the Shares." *Id.*

These provisions, at least arguably, could form the basis for a valid contribution claim, such that impleader is appropriate under Rule 14. However, Section 410(a) of ERISA provides that "any provision in an agreement or instrument which purports to relieve a fiduciary from responsibility or liability for any responsibility, obligation, or duty under this part shall be void as against public policy." 29 U.S.C. § 1110(a). Under this provision, the defendants' attempt to impose the burden of their fiduciary breaches on Omni, the company that sponsors the ESOP, is invalid. *Delta Star, Inc. v. Patton*, 76 F. Supp. 2d 617, 640-41 (W.D. Pa. 1999) (noting that it would be "inconsistent with the intentions of ERISA to allow a trustee who has breached his fiduciary duties to the ESOP to be

indemnified by the sponsoring company where the ESOP would indirectly bear the financial burden"); *see also, Johnson v. Couturier*, 572 F.3d 1067, 1080 (9th Cir. 2009) ("The Department of Labor interprets section 410(a) as rendering void any arrangement for indemnification of a fiduciary of an employee benefit plan by the plan").

The defendants' citation to cases such as *Free v. Briody*, 732 F.2d 1331 (7th Cir. 1984) and *Alton Mem'l Hosp. v. Metro. Life Ins. Co.*, 656 F.2d 245 (7th Cir. 1981) cannot salvage their claim. In *Free*, the Seventh Circuit recognized a right to indemnification, but that case involved "a fiduciary who had committed an act of nonfeasance who sought indemnification from a co-fiduciary more culpable than he." *BP Corp. N. Am. Inc. Savings Plan Inv. Oversight Comm. v. N. Trust Investments, N.A.*, 692 F. Supp. 2d 980, 983 (N.D. Ill. 2010). The "co-fiduciary" in *Free* was not, as here, the company that sponsored the employee benefit plan. Indeed, *Free* emphasized that any indemnification remedy should ensure that "the plan beneficiaries would not be adversely affected." *Id.* (citing *Free* at 1338: "To the extent Briody's claim might adversely affect Free, the court on remand may shape its award to protect Free from any loss resulting from Briody's claim against Hodgman"). In *Alton*, the Seventh Circuit recognized a right to "seek indemnification or contribution from co-fiduciaries in accordance

with 29 U.S.C. s. 1105(a)," but went on to hold that "no breach of fiduciary duties with respect to plan participants and beneficiaries can be established." 656 F.2d at 250. Unlike in *Free*, the co-fiduciary in *Alton* was the company that sponsored the plan, but the observation that such a claim could be brought was merely dicta; *Alton* thus had no occasion to discuss or confront Section 410(a).

The Court's denial of the defendants' motion for leave to file a second amended third-party complaint means that it must address the Secretary's motion to dismiss the defendants' first amended third-party complaint. The claims in the first amended third-party complaint are identical in all material respects to Counts Two and Three in the proposed second amended third-party complaint. Therefore, the first amended third-party complaint will be dismissed for the reasons already stated.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

1. The Secretary's motion to strike [ECF No. 34] is **GRANTED**;
2. The defendants' motion for leave to file a second amended third-party complaint [ECF No. 40] is **DENIED**;
3. The Secretary's motion to dismiss the first amended third-party complaint [ECF No. 36] is **GRANTED**. Therefore, the

with 29 U.S.C. s. 1105(a)," but went on to hold that "no breach of fiduciary duties with respect to plan participants and beneficiaries can be established." 656 F.2d at 250. Unlike in *Free*, the co-fiduciary in *Alton* was the company that sponsored the plan, but the observation that such a claim could be brought was merely dicta; *Alton* thus had no occasion to discuss or confront Section 410(a).

The Court's denial of the defendants' motion for leave to file a second amended third-party complaint means that it must address the Secretary's motion to dismiss the defendants' first amended third-party complaint. The claims in the first amended third-party complaint are identical in all material respects to Counts Two and Three in the proposed second amended third-party complaint. Therefore, the first amended third-party complaint will be dismissed for the reasons already stated.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

1. The Secretary's motion to strike [ECF No. 34] is **GRANTED**;
2. The defendants' motion for leave to file a second amended third-party complaint [ECF No. 40] is **DENIED**;
3. The Secretary's motion to dismiss the first amended third-party complaint [ECF No. 36] is **GRANTED**. Therefore, the

third-party defendants, Omni Resources, Inc. and Does 1-25 are **DISMISSED** from this action;

4. The defendants' motion for an extension of time to serve its first amended third-party complaint [ECF No. 46] is **DENIED** as moot; and

5. Pursuant to Federal Rule of Civil Procedure 16(b), a telephonic scheduling conference is scheduled for **December 2, 2014** at **11:00 a.m.** (Central Time). Please be available at that time. The Court will initiate the call. The parties should refer to the Court's May 19, 2014 Order, ECF No. 28 at 9-21, for details on how to prepare for this conference.

Dated at Milwaukee, Wisconsin, this 15thy day of October, 2014.

                               **BY THE COURT:**

                               *Rudolph T. Randa*
                               **HON. RUDOLPH T. RANDA**
                               **U.S. District Judge**