UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**THOMAS E. PEREZ,**
**Secretary of the United States**
**Department of Labor,**

        Plaintiff,

   -vs-                              Case No. 13-C-1302

**VERONICA MUELLER, et al,**

        Defendant.

## DECISION AND ORDER

Thomas Perez, the Secretary of Labor, alleges that Veronica Mueller, Christopher Mueller, and the Alpha Investment Consulting Group violated their duties of prudence and loyalty by causing or permitting the Omni Resources Employee Stock Ownership Plan to buy Omni stock for more than fair market value and without a proper valuation. The Muellers served a non-party subpoena on Comstock Valuation Advisors. The subpoena that calls for the production of certain documents, electronically stored information, and other relevant discovery for the period during which Comstock served as an appraiser for Omni. Comstock moves for a protective order.

Non-party discovery is generally governed by the same relevance standard as party discovery. 9A Wright & Miller Fed. Prac. & Proc. Civ. §

2459 (3d ed.). Even so, a "party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1).

Despite being served with a subpoena, Comstock did not move quash under the procedures set forth in Rule 45. Instead, Comstock invokes Rule 26(c)(1), which provides that a "party or *any person from whom discovery is sought* may move for a protective order where the action is pending …" (emphasis added). Comstock argues that the Court can modify or quash the subpoena in the context of a motion for a protective order. The Court is not so sure. In any event, the distinction is likely irrelevant for present purposes because the Court can issue an order that protects Comstock from undue burden or expense. *See* Fed. R. Civ. P. 26(c)(1)(A) (protective order can forbid certain disclosures or discovery); *Costello v. Poisella*, 291 F.R.D. 224, 229-230 (N.D. Ill. 2013) (court has jurisdiction to issue protective order in favor of non-party served with a subpoena). This relief is functionally identical to quashing or modifying the subpoena.

The Muellers argue, as an initial matter, that Comstock's motion is untimely. "Although Rule 26(c) is silent as to the time within which a protective order must be made, the courts have imposed the requirement that the motion be timely or 'seasonable.'" 6 Moore's Fed. Practice § 26.102[2]. Generally speaking, a motion for a protective order is timely "if made prior to

- 2 -

the date set for producing the discovery." *Lexington Ins. Co. v. Swanson*, 2007 WL 1287938, at *2 (W.D. Wash. May 1, 2007). Here, the date was ever-shifting because the parties were engaged in ongoing discussions regarding the scope of the subpoena. The subpoena was served in July, and after considerable back and forth, Muellers' counsel sent a letter on September 24 indicating that if Comstock "does not respond to the Subpoena within two weeks, our clients will be forced to file a Motion to Compel with respect to your client's continuing failure to respond to the Subpoena." ECF No. 61-10. Comstock then moved for a protective order on October 8. Under these circumstances, Comstock's motion cannot be considered untimely.

Comstock, hired in 2011 to create a retrospective 2008 valuation of Omni capitol stock, argues that the subpoena is overbroad because it asks for information outside of the 2008 valuation. The Court agrees with the Muellers that subsequent valuations of Omni stock are relevant because they can provide a more detailed understanding of the stock's fair market value. However, the subpoena is overbroad in some respects because it asks for information that is wholly unrelated to the Omni valuation. For example, request number 15 directs Comstock to produce "all financial summaries and supporting documents prepared for by Comstock." This request is overbroad and imposes an undue burden because it encompasses information unrelated

to *any* valuation of Omni stock.[1]  Request number 17 is also overbroad, but the Muellers withdrew that request during the parties' meet and confer.

Finally, Comstock complains that the subpoena requests information about evaluations made by other entities and persons. If Comstock does not have responsive documents, Comstock can say as much when answering the subpoena. Comstock also notes that the definition of "you" and "your" set forth in the subpoena does not include Comstock. The Muellers clarified that any requests aimed at "you" or "your" were directed at Comstock.

Comstock's motion for a protective order [ECF No. 60] is **GRANTED**, but only to the extent that Comstock does not have to respond to request for production numbers 15 and 17. In all other respects, Comstock's motion is **DENIED**.

Dated at Milwaukee, Wisconsin, this 20th day of November, 2015.

                                      **SO ORDERED:**

                                      */s/ Rudolph T. Randa*
                                      **HON. RUDOLPH T. RANDA**
                                      **U.S. District Judge**

---

[1] It is also confusing because it seems that there should be a word between "for" and "by." As written, the request is either nonsensical or overbroad.