# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**THOMAS PEREZ, Secretary of the
United States Department of Labor,**

      Plaintiff,

    -vs-                                 Case No. 13-C-1302

**VERONICA MUELLER, et al.,**

      Defendants.

## DECISION AND ORDER

In this action, the United States Secretary of Labor alleges that Veronica and Roger Mueller violated ERISA by causing the December 2008 purchase of improperly valued company stock by the Omni Resources, Inc. Employee Stock Ownership Plan and Trust. The Muellers and the Defendant Trusts, generally the defendants, move to compel certain discovery from the Secretary. This motion is granted.

The scope of discovery is governed by Rule 26(b)(1), which provides that parties

> may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and *proportional to the needs of the case*, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within the scope of discovery need not

be admissible in evidence to be discoverable.

This rule was amended in 2015 to "restore[] the proportionality factors to their original place in defining the scope of discovery. This change reinforces the Rule 26(g) obligation of the parties to consider these factors in making discovery requests, responses, or objections." Advisory Committee Notes, 2015 Amendment.

At the outset, the Secretary accuses the defendants of engaging in a fishing expedition. However, the proportionality factors set forth in Rule 26(b)(1) easily tilt in favor of disclosure. The issues in this litigation are important from a public policy perspective, or at least they should be, lest the Secretary be engaging in years of unnecessary litigation at taxpayer expense. Indeed, the transaction at issue was for more than $13 million dollars. Moreover, the federal government has unlimited resources, while the Mueller Defendants are obviously financing their own defense.

Next, the Secretary invokes a series of privileges, including attorney-client, work product, and government/executive (deliberative process and investigative file). A party withholding otherwise discoverable information under a claim of privilege must (i) expressly make the claim, and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed — and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

Fed. R. Civ. P. 26(b)(5).

The Court agrees with the defendants that the Secretary's invocation of privilege is improper. "The claim of privilege cannot be a blanket claim; it 'must be made and sustained on a question-by-question or document-by-document basis.'" *United States v. White*, 950 F.2d 426, 430 (7th Cir. 1991) (citing *United States v. Lawless*, 709 F.2d 485, 487 (7th Cir. 1983)). Here, for example, the Secretary's revised privilege log states that 1,163 pages of emails from SOL to CRO contain "thoughts and opinions of the agency in preparation of litigation" and "reveals content of attorney-client conversation." The log states the same regarding 663 pages of emails from SOL to CRO EBSA and 356 pages of internal CRO EBSA emails. These assertions makes it impossible to evaluate the claims of privilege because there is no way of knowing how many emails are included within those pages, much less the nature of each separate communication. Ultimately, it is the Secretary's burden to establish the elements of the asserted privileges. *White*, 950 F.2d at 430. He failed in that regard.

The defendants' motion to compel [ECF No. 74] is **GRANTED**.

Dated at Milwaukee, Wisconsin, this 27th day of May, 2016.

**SO ORDERED:**

**HON. RUDOLPH T. RANDA**
**U.S. District Judge**

- 3 -