UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

THOMAS PEREZ, Secretary of the
United States Department of Labor,

                                Plaintiff,

    v.                                                       Case No. 13-cv-1302-pp

VERONICA MUELLER, et al.,

                                Defendants.
_____

**DECISION AND ORDER DENYING DEFENDANTS' MOTION FOR RELIEF FROM JULY 27, 2016 ORDER (DKT. NO. 113) AND REFERRING CASE TO MAGISTRATE JUDGE DUFFIN FOR PRETRIAL PROCEEDINGS**
_____

      This order addresses the parties' ongoing issues regarding the Secretary of Labor's assertion of privileges during the course of discovery.

      At the time the plaintiff's filed the complaint in November of 2013, the case was assigned to the Honorable Rudolph T. Randa. On April 14, 2016, the Mueller Defendants moved to compel discovery from the Secretary of Labor. Dkt. No. 74. The Mueller Defendants argued that the information they sought was discoverable, and that the Secretary's invocation of various privileges—attorney-client, work product, and government/executive, among others—was improper. The Mueller Defendants' brief concluded as follows: "WHEREFORE, the Mueller Defendants respectfully request that this Court grant their Motion to Compel and order the Secretary to produce the withheld and redacted

1

discovery *or provide sufficient information to ascertain the validity of the asserted privileges.*" Dkt. No. 75 at 23 (emphasis added).

On May 27, 2016, Judge Randa granted the Mueller Defendants' motion to compel. Dkt. No. 95. First, Judge Randa rejected the Secretary's argument that the information sought by the Mueller Defendants was not within the scope of discoverable information. Id. at 1-2. Second, Judge Randa found that the Secretary's invocation of privilege was improper. Id. at 2-3.

On June 10, 2016, the Secretary moved for clarification, asking the court to advise it as to whether it could comply with Judge Randa's May 27, 2016 order by producing a revised privilege log. Dkt. No. 100. On July 27, 2016, Judge Randa issued an order indicating that the Secretary could comply by producing a revised privilege log. Dkt. No. 112. This court signed the order on behalf of Judge Randa, because he was working from home as a result of his illness.

On July 29, the Mueller Defendants filed a motion, asking for relief from Judge Randa's July 27, 2016 order. Dkt. No. 113. They filed an accompanying brief. Dkt. No. 114. Six days later, on August 2, the case was reassigned to this court, because Judge Randa's condition had worsened; Judge Randa passed away on September 6, 2016.

The Mueller Defendants argue that Judge Randa's July 27, 2016 order was improper. Dkt. No. 113 at 1. They ask that the court either strike the order or further clarify Judge Randa's rulings that the documents they asked the court to compel were not privileged. Id. In their brief, they point out that Judge

2

Randa originally stated on May 27, 2016 that the Secretary's invocations of privilege were improper, and granted their motion to compel in full. Dkt. No. 114 at 3. They argue that the clarification order issued on July 27 was improper because (a) the May 27 order was the law of the case, (b) it was improper for me—Judge Pepper—to sign the July 27 order when the case had not been reassigned to me and I had no authority to amend Judge Randa's orders, (c) the July 27 order functionally reversed the May 27 order, and (d) the July 27 order did not address the validity of some of the Secretary's privilege claims and his instructions not to answer deposition questions. Id. at 4.

The Mueller Defendants' first argument is that the July 27, 2016 order constituted the law of the case. "The law of the case doctrine 'is a rule of practice, based on sound policy [and recites] that, when an issue is once litigated and decided, that should be the end of the matter.'" Creek v. Village of Westhaven, 144 F.3d 441, 445 (7th Cir. 1998) (quoting Gertz v. Robert Welch, Inc., 680 F.2d 527, 532 (7th Cir. 1982)). The doctrine often comes into play when an appellate court remands a case to the trial court; it prevents parties from re-litigating on remand issues already laid to rest prior to the appeal. That is not what happened with the Secretary's motion for clarification. In their motion to compel, the Mueller Defendants had asked Judge Randa to compel the production of withheld documents *or* to require the Secretary to "provide sufficient information to ascertain the validity of the asserted privileges." Dkt. No. 75 at 23. In other words, the defendants asked for alternative forms of relief. In his motion to clarify, the Secretary stated, "The Mueller Defendants

3

requested alternative forms of relief . . . . They also suggested submission of an 'in camera' review of the documents. . . . [T]he Secretary requests that he be allowed to satisfy this Court's Order with a Second Revised Privilege Log . . . ." Dkt. No. 100 at 2. In the alternative, the Secretary asked Judge Randa to reconsider his May 27, 2016 order. Id. As far as this court can tell from reading the July 27, 2016 order, Judge Randa clarified the scope of the relief that he had ordered in the May 27, 2016 order.

"At bottom . . . a court is neither obligated nor foreclosed from reconsidering its prior decisions; instead, the principles underlying motions to reconsider and the law of the case doctrine must be meted out in the individual case to arrive at a proper exercise of the court's discretion." In re August, 1993 Regular Grand Jury (Medical Subpoena I), 854 F. Supp. 1403, 1406 (S.D. Ind. 1994). The law of the case doctrine does not prohibit a court from reconsidering—or clarifying—its own rulings; courts do so with frequency, and should do so if they believe their original decisions to have been incorrect or unclear. Judge Randa appears to have decided to clarify which form of relief he was ordering, and did so in the July 27, 2016 order. The law of the case does not mandate striking that order.

The Mueller Defendants' second argument is that the July 27, 2016 order is invalid because I signed the order for Judge Randa. At the end of 2015, Judge Randa was diagnosed with brain cancer. He immediately underwent surgery and began treatment. A couple of months after his diagnosis, he took senior status, and, because criminal cases are heavily court-intensive and

4

Judge Randa needed to be out of the office to focus on his treatment, his criminal cases were reassigned to other judges in the district. Judge Randa continued, however, to work on his civil cases from home. Depending on his treatment schedule and how he felt, either he would sign orders himself or he would authorize his staff to ask one of the other judges in the district to sign orders for him. In the case of the July 27, 2016 order, Judge Randa authorized his staff to ask another judge in the building to sign the order on his behalf. I was that judge, and I signed that order. I did not evaluate or analyze the Secretary's motion to clarify. I did not draft the July 27, 2016 order. I signed the original with my wet signature, followed by the words "for RTR." I will not strike the July 27, 2016 order on the basis of the fact that it bore my signature on Judge Randa's behalf.

The defendants' third argument is that the July 27, 2016 order functionally reversed the May 27, 2016 order, and did not address several of the issues the Mueller Defendants had raised in their motion to compel regarding the validity of the Secretary's privilege claims. The May 27, 2016 order stated as follows:

> . . . The Mullers and the Defendant Trusts, generally the defendants, move to compel certain discovery from the Secretary. The motion is granted.
>
> The scope of discovery is governed by Rule 26(b)(1), which provides that parties
>
>> may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and *proportional to the needs of the case,* considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to

5

> relevant information, the parties' resources, the importance of the discovery in rsolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within the scope of discovery need not be admissible in evidence to be discoverable.

This rule was amended in 2015 to "restore[] the proportionality factors to their original place in defining the scope of discovery. This change reinforces the Rule 26(g) obligation of the parties to consider these factors in making discovery requests, responses, or objections." Advisory Committee Notes, 2015 Amendment.

At the outset, the Secretary accuses the defendants of engaging in a fishing expedition. However, the proportionality factors set forth in Rule 26(b)(1) easily tilt in favor of disclosure. The issues in this litigation are important from a public policy perspective, or at least they should be, lest the Secretary be engaging in years of unnecessary litigation at taxpayer expense. Indeed, the transaction at issue was for more than $13 million dollars. Moreover, the federal government has unlimited resources, while the Mueller Defendants are obviously financing their own defense.

Next, the Secretary invokes a series of privileges, including attorney-client, work product, and government/executive (deliberative process and investigative file). A party withholding otherwise discoverable information under a claim of privilege must (i) expressly make the claim, and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim. Fed. R. Civ. P. 26(b)(5).

The Court agrees with the defendants that the Secretary's invocation of privilege is improper. "The claim of privilege cannot be a blanket claim; it 'must be made and sustained on a question-by-question or document-by-document basis.'" *United States v. White*, 950 F.2d 426, 430 (7th Cir. 1991) (citing *United States v. Lawless*, 709 F.2d 485, 487 (7th Cir. 1983)). Here, for example, the Secretary's revised privilege log states that 1,163 pages of emails from SOL to CRO contain "thoughts and opinions of the agency in preparation of litigation" and "reveals content of attorney-client conversation." The log states the same regarding 663 pages of emails from SOL to CRO EBSA and 356 pages of internal CRO EBSA emails. These assertions makes [sic] it impossible to

> evaluate the claims of privilege because there is no way of knowing how many emails are included within those pages, much less the nature of each separate communication. Ultimately, it is the Secretary's burden to establish the elements of the asserted privilege. *White*, 950 F.2d at 430. He failed in that regard.
>
> The defendants' motion to compel [ECF No. 74)] is **GRANTED**.

Dkt. No. 95 at 1-3.

Judge Randa's May 27 order contained some ambiguity. As noted, the motion to compel asked the court to do one of two things: "order the Secretary to produce the withheld and redacted discovery *or provide sufficient information to ascertain the validity of the asserted privileges.*" Dkt. No. 75 at 23 (emphasis added). The May 27 order did not explicitly grant either of those forms of relief. Rather, the final line simply stated that the motion to compel was granted. So—did Judge Randa mean, by that language, to require the Secretary to "produce the withheld and redacted discovery?" Or did he mean to require the Secretary to "provide sufficient information to ascertain the validity of the asserted privileges?" Or did he intend some other action? Perhaps these questions are what led the Secretary to filed the June 10, 2016 motion for clarification.

In the motion for clarification, the Secretary asked Judge Randa to allow him to satisfy the May 27, 2016 order by filing a second revised privilege log (which he attached to the motion). Dkt. No. 100 at 2. He also stated an "alternative" request—that if the court really had meant to order the Secretary to turn over all of the requested discovery, it reconsider, and accept the second revised privilege log instead. Id. In other words, the Secretary proposed one,

7

single course of action—providing the second revised privilege log. In his July 27, 2016 order, Judge Randa agreed to follow that course of action. He concluded that providing the second revised privilege log "[was] a reasonable compromise that [would] allow the Secretary to avoid waiving the asserted privileges." Dkt. No. 112 at 2.

This language, too, is ambiguous. In the May 27 order, Judge Randa had found that the Secretary's assertion of the various privileges was "improper." Dkt. No. 95. If the Secretary had, in fact, improperly asserted privilege, it is unclear why Judge Randa would have allowed him to avoid waiving improperly asserted privileges. If none of the documents were subject to any privilege, it seems that the result should have been for Judge Randa to order the Secretary to disclose all of the documents (assuming proportionality).

If one reads the full May 27, 2016 order, however, one sees that Judge Randa did not rule on the merits of the question of whether particular documents were subject to particular privileges. Indeed, he indicated that he was not *able* to make such a ruling, because the Secretary had asserted a blanket privilege. The Secretary had not done what the Seventh Circuit requires—asserted a specific privilege regarding specific information in specific documents. Judge Randa concluded in the May 27 order that the Secretary had not followed proper procedure, and thus had not met his burden of showing privilege. While he did not explicitly say this in the July 27 order, one could infer from his decision to allow the Secretary to file a second revised privilege log that he was giving the Secretary the opportunity to rectify that

8

failure—to prove his burden for demonstrating that particular documents were protected to particular privileges. If that was Judge Randa's intent (and this court cannot know Judge Randa's intent, or find it out at this point), it would make sense that he would allow the Secretary to file a second revised privilege log.

For this reason, the court declines to vacate Judge Randa's July 27, 2016 order allowing the Secretary to comply with the May 27, 2016 order by filing a second revised privilege log. That does not, however, end the matter.

The Secretary has filed that second revised privilege log, as an attachment to the memorandum in support of the motion to clarify. Dkt. No. 101-1. The second revised log still identifies broad swaths of discovery that the Secretary claims are privileged. For example, he claims that 205 pages of "email" from "Visconti" to "Smerdon" on August 1, 2013 contained "attorney-client communications as well as analysis, thoughts, and discussion related to Omni's business and company value prepared in anticipation of litigation." Id. at 18. It claims that eight-give pages of "email" between Visconti and Smerdon contain "attorney-client communications related to the valuation of Omni stock." Id. at 12. It claims that 121 pages of "email" from Visconti to "Monhart, Davis, Leppert," and cc'd to "Schloss," "contain[] attorney-client communication in preparation for meeting to discuss case strategy and information collected in anticipation of litigation." Id. at 26. By the court's *very* rough count, the sixty-four-page log claims that over 2,500 pages of discovery are subject to one or more privileges. See Dkt. No. 101-1.

9

In their motion for relief from the July 27, 2016 order, the Mueller Defendants allege that the result of this broad assertion of privilege is that the Secretary has claimed privilege with regard to all documents created by the Employee Benefits Security Administration, and they argue that the Secretary's assertion of the work product privilege regarding these particular documents is inappropriate. Dkt. No. 114 at 8. They question whether all of the documents identified as subject to the attorney-client privilege truly are so privileged. Id. They argue that, for the first time in the second revised privilege log, the Secretary has asserted the common interest privilege. Id. at 115. In short, they argue that the court should hold the Secretary to his burden of proving that the 2,500+ documents it identifies in the second revised privilege log as privileged really are privileged.

The court agrees that the Secretary must support the claims of privilege that he has asserted in the second revised privilege lot, as required by the Seventh Circuit, and that he must do so in much more detail that he has done in the privilege log. Further, the Mueller Defendants have filed a second motion to compel, arguing that there are *other* documents the defendants have requested that the Secretary has neither turned over nor listed in any of the privilege logs. Dkt. No. 121 (and brief at Dkt. No. 122). The plaintiff has opposed that motion, Dkt. No. 132; the deadline for the defendants to reply has not yet expired.

The court is going to refer the discovery issues identified in both motions to compel, and any other discovery issues, to Magistrate Judge William E.

10

Duffin for consideration and resolution. The court asks that Judge Duffin address with the parties the following issues:

(a) Whether the documents the Secretary has identified in the second amended privilege log (Dkt. No. 101-1) are, in fact, protected by any of the privileges the Secretary identifies;

(b) Whether Secretary of Labor Employee Charles Visconti should be compelled to submit to deposition (Dkt. No. 108);

(c) Whether the Mueller Defendants' second motion to compel (Dkt. No. 121) should be granted, and if so, what form the relief should take; and

(d) Any other discovery issues raised by the parties.

The court notes that on December 2, 2014, the parties participated in a scheduling conference, at which time the court set a fact discovery deadline of December 4, 2015. Dkt. No. 53. At the request of the parties, the court extended that deadline to March 31, 2016. Dkt. No. 58. Again at the request of the parties, the court extended the deadline for a second time, to June 14, 2016. Dkt. No. 71. On June 7, 2016, Judge Randa extended the deadline a third time, to August 26, 2016. Dkt. No. 99. The August 26, 2016 deadline now has passed, but it is clear that until the issues discussed above are resolved, fact discovery cannot close. Accordingly, the court also asks that Judge Duffin address with the parties appropriate extensions of the deadlines Judge Randa set in his order of June 7, 2016. Dkt. No. 99.

For the reasons discussed above, the court **ORDERS** that the Mueller Defendants' motion for relief from the July 27 Order **DENIED**. Dkt. No. 113.

11

The court further **ORDERS** that this case is transferred to Magistrate Judge William E. Duffin for consideration and resolution of all discovery disputes.

Dated in Milwaukee, Wisconsin this 26th day of September, 2016.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge