# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

THOMAS E. PEREZ,

        Plaintiff,

    v.                                            Case No. 13-CV-1302

VERONICA MUELLER, et al.,

        Defendants.

## ORDER

United States Secretary of Labor Thomas E. Perez filed the present action alleging that the defendants violated provisions of the Employee Retirement Income Security Act of 1974 (ERISA) with respect to actions they undertook regarding an employee stock ownership plan (ESOP) sponsored by Omni Resources, Inc. The Secretary alleges that the ESOP imprudently purchased company stock for more than the stock's fair market value and without a proper valuation of the stock. The defendants involved in the motions that are the subject of this order are Veronica Mueller, Roger Mueller, and six trusts, who will be referred to collectively as the Mueller defendants.

This matter was initially assigned to Magistrate Judge William E. Callahan. It was reassigned to the Honorable Rudolph T. Randa when the Secretary refused to

consent to the full jurisdiction of a magistrate judge. Judge Randa presided over the case for the next 32 months. The case was reassigned to Judge Pamela Pepper after Judge Randa ceased presiding over cases due to what would prove to be a terminal illness.

Since at least April of 2016 the parties have been asking the court to resolve discovery disputes regarding whether certain information sought by the Mueller defendants from the Department of Labor and its employees is privileged. Judge Randa granted the Mueller defendants' initial motion to compel. (ECF No. 95.) That led to the Secretary filing a "motion to clarify" (ECF No. 100), which motion Judge Randa granted (ECF No. 112). The Mueller defendants' promptly sought relief from that order. (ECF No. 113.)

While the "motion to clarify" was pending, the Mueller defendants filed a motion to compel Department of Labor employee Charles Visconti to answer certain questions which he did not answer at his deposition on the basis of privileges. (ECF No. 108.) The Mueller defendants also filed a second motion to compel discovery. (ECF No. 121.)

On September 26, 2016, Judge Pepper (the case by then having been reassigned to her) denied the Mueller defendants' motion for relief from Judge Randa's July 27, 2016 order. (ECF No. 133.) Judge Pepper further referred the case to this court for resolution of the pending discovery disputes. (ECF Nos. 108, 121.)

The Mueller defendants seek information and documents that the Secretary contends are privileged. The Secretary has provided a privilege log with respect to the documents sought by the Mueller defendants,. (ECF No. 101-1.) The Mueller defendants have provided the court with a list of objected-to deposition questions to which it seeks answers from Visconti. (ECF No. 109 at 3-10.) Some of the deposition questions are duplicative of the document requests in that Visconti was asked to state what was redacted from certain documents.

Although not required in every case, an *in camera* review of documents "is a highly appropriate and useful means of dealing with claims of governmental privilege." *Kerr v. United States Dist. Court for Northern Dist.*, 426 U.S. 394, 406 (1976). The court finds that the most efficient and expeditious means for resolving the parties' dispute is for the court to conduct an *in camera* review of the allegedly privileged documents.

Therefore, not later than **October 21, 2016**, the Secretary shall provide to the court for *in camera* review copies of all documents identified as privileged in the most-recent privilege log. Documents may be presented in hard copy or electronic format (e.g. in PDF format on a CD or DVD). As to any document that the Secretary does not contend is privileged in its entirety (e.g., a redacted version was provided to the Mueller defendants) the Secretary should clearly indicate which portion of the document is allegedly privileged. For example, portions of a document that were redacted should be indicated by highlighting, underlining, or some other notation. Moreover, to the extent

the Secretary believes that it might be difficult for the court to understand a document as it relates to the asserted privilege (for example, the positions of persons included on emails, the context of the document, etc.), the Secretary may provide the court with additional details necessary to understand the basis for the asserted privilege.

**SO ORDERED**.

Dated at Milwaukee, Wisconsin this 11th day of October, 2016.

_William E. Duffin_
WILLIAM E. DUFFIN
U.S. Magistrate Judge