UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

THOMAS E. PEREZ,

        Plaintiff,

v.

VERONICA MUELLER, et al.,

        Defendants.

Case No. 13-cv-1302-pp

---

**ORDER ADOPTING MAGISTRATE JUDGE'S DECISION AND ORDER ON THE MUELLER DEFENDANTS' MOTIONS TO COMPEL (DKT. NO. 140)**

---

Currently pending before the court are objections filed by defendants Veronica Mueller, Roger Mueller, The Carey V. Mueller (N/K/A Vollmers) 1996 Trust Dated 11/14/96, The Craig M. Mueller 1996 Trust Dated 11/14/96, The Christopher L. Mueller 1996 Trust Dated 11/14/96, The Roger L. and Veronica S. Mueller 1996 Exemption Trust Dated 11/14/96 F/B/O Carey V. Mueller (N/K/A Vollmers), The Roger L. and Veronica S. Mueller 1996 Exemption Trust Dated 11/14/96 F/B/O Craig M. Mueller, The Roger L. and Veronica S. Mueller 1996 Exemption Trust Dated 11/14/96 F/B/O Christopher L. Mueller (collectively, the "Mueller Defendants") to a discovery order issued by Magistrate Judge William E. Duffin. Dkt. No. 140. For the reasons explained below, the court overrules the Mueller Defendants' objections, Dkt. No. 142-1, and adopts Magistrate Judge Duffin's decision and order in its entirety.

28 U.S.C. §636(b)(1)(A) and Federal Rule of Civil Procedure 72(a) govern

1

the district court's review of a magistrate judge's determination of non-dispositive matters, such as the discovery issues presently before the court, and it authorizes a district court to modify or vacate an order that is "clearly erroneous or contrary to law." "To be clearly erroneous, a decision must strike [the court] as more than just maybe or probably wrong; it must . . . strike [the court] as wrong with the force of a five-week-old, unrefrigerated dead fish . . . . [I]t must be dead wrong." Parts & Elec. Motors, Inc. v. Sterling Elec., Inc., 866 F.2d 228, 233 (7th Cir. 1988). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." Henry v. Centeno, No. 10 C 6364, 2011 WL 3796749, at *1 (N.D. Ill. Aug. 23, 2011) (internal quotation marks omitted) (citation omitted).

An ongoing discovery dispute has centered on whether certain information sought by the Mueller Defendants from the Department of Labor is privileged or otherwise protected from production. The court referred to Judge Duffin two motions to compel involving (1) forty-eight questions that a Department of Labor employee, Charles Visconti, was instructed not to answer at his deposition; and (2) documents that the Department of Labor withheld on the basis of various privileges. Dkt. Nos. 108, 121. The Mueller Defendants filed copies of the challenged documents with the court, and Judge Duffin reviewed *in camera* all of the questions that Mr. Visconti did not answer and the documents that the Secretary asserts are not subject to production. Dkt. No. 140 at 3, 11, 16.

Judge Duffin rejected the plaintiffs' contention that the Secretary had

2

waived any privileges applicable to the documents at issue by failing to assert the privileges earlier or to produce adequate and complete privilege logs on a timely basis. Id. at 11-12. After reviewing the documents and deposition questions, Judge Duffin found that the vast majority of the documents were protected by one or more of the privileges asserted on the Secretary's privilege log, but he determined that a handful of documents were not protected by the attorney-client privilege and ordered them to be produced. Id. at 14-15. Regarding the motion to compel Mr. Visconti to answer the questions he did not answer at his deposition, Judge Duffin concluded that his decision on the motion to compel the Secretary to produce documents either mooted or resolved that motion on its merits. Id. at 16.

The Mueller Defendants objected to Judge Duffin's order, arguing that the court should modify his order because he (1) did not explain in his order why he concluded that the vast majority of documents at issue are privileged; (2) misapplied the common interest doctrine in finding certain documents exchanged between the Secretary of Labor and the nonparty successor trustee are covered by privileges through that doctrine; and (3) did not explain in his order why he found certain documents in the Secretary's possession to be protected by the executive privilege. Dkt. No. 142. The Secretary has responded. Dkt. No. 144.

The court has reviewed the Mueller Defendants' objections to Judge Duffin's order, and concludes that no part of his order is clearly erroneous or contrary to law. The court detects no clear error in Judge Duffin's

3

determinations that (1) the Secretary did not waive any protections applicable to the documents the Mueller Defendants' seek to compel, because the Secretary did not act willfully or in bad faith by failing to raise certain privileges earlier in the litigation or by allegedly failing to produce adequate and complete privilege logs sooner; (2) under the common interest doctrine, the Secretary's communications with the successor trustee are covered by the attorney-client privilege or the work product doctrine; and (3) other than the documents (or portions of certain documents) that Judge Duffin ordered the Secretary to produce, the documents submitted by the Secretary for *in camera* review are subject to protections and may be withheld from production by the Secretary.

The parties have litigated these issues for several months. The culmination of these disputes is that Judge Duffin—despite the fact that he was not required to do so—conducted an *in camera* review of the documents in question, as well as the questions posed to Mr. Visconti (some of which were duplicative of the discovery requests). It is true that he did not list each specific document which he found privileged. The court agrees with the Secretary that the Muller Defendants' argument that Judge Duffin ought to have detailed the contents of the materials that he decided were privileged seems to misapprehend the purpose of *in camera* review. It appears that the objecting defendants expected Judge Duffin to say, "Document #98 says thus and so. Thus and so is privileged as work product." Were Judge Duffin to have written an order of this sort, his order would have violated any privilege that did exist, and defeated the purpose of reviewing the documents *in camera*. It is clear to

4

this court that Judge Duffin's review was thorough and careful, that he correctly articulated the law governing the various applicable privileges, and that nothing in his decision was clearly erroneous or contrary to law.

The court **OVERRULES** the Mueller Defendants' objections, Dkt. No. 142-1, and **ADOPTS** Judge Duffin's decision and order in its entirety. Dkt. No. 140.

Dated in Milwaukee, Wisconsin this 27th day of December, 2016.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge